IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0006 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **SCHUYLKILL COUNTY PRISON** | : | |
| **MEDICAL STAFF,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**I.   Introduction**

Plaintiff, Ronald Pruden, an inmate at the Smithfield State Correctional Institution ("SCI") at Huntingdon, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. Defendants are various officials at Schuylkill County Prison, SCI-Camp Hill, SCI-Cresson, SCI-Houtzdale, and SCI-Huntingdon. Plaintiff, who seeks leave to proceed *in forma pauperis*, claims that Defendants have denied adequate medical care, assaulted him, issued false misconducts and "false transfers," and entered slanderous information in his prison file. (Doc. 1 at 2-3.) Plaintiff seeks injunctive relief, and he is asking the Court to transfer him and direct Defendants to provide adequate medical care. Specifically, he claims that he needs to be "put in prison of Juge (sic) choice . . . [and] medications should bin (sic) prvied (sic)." (*Id*. at 4.) For the following reasons, Plaintiff's complaint will be dismissed without prejudice.

**II.  Discussion**

It is well recognized that the adjudicatory power of a federal court depends upon the

*continuing* existence of a live and acute controversy. *Steffel v. Thompson*, 218 F.3d 232, 240 (3d Cir. 2000). The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *Id.* "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985). Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); *see also Carter v. Thompson*, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

As previously noted, Plaintiff is seeking injunctive relief, and he is challenging conduct occurring at various state correctional institutions. However, Plaintiff does not raise any issues of misconduct at SCI-Smithfield, his current place of incarceration. Since he is no longer housed in any of the allegedly offending institutions, he has received his requested relief, i.e. relief from the allegedly substandard conditions and transfer. Consequently, since Plaintiff is not suffering any apparent continuing adverse effects as a result of his prior confinement at Schuylkill County Prison, SCI-Camp Hill, SCI-Cresson, SCI-Houtzdale, and SCI-Huntingdon, his requests for injunctive relief are moot under the standards set forth in *Rosenberg* and *Wahl*, and the case will be dismissed. An appropriate Order follows.

Dated: February 6, 2007.                               /s/ A. Richard Caputo
                                                        A. RICHARD CAPUTO
                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-0006 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **SCHUYLKILL COUNTY PRISON MEDICAL STAFF,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**NOW, THEREFORE, THIS 6th DAY OF FEBRUARY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2 and 7) are construed as motions to proceed without prepayment of fees and costs, and the motions are **GRANTED**.

2. Plaintiff's complaint (Doc.1) is **DISMISSED** as moot.

3. The Clerk of Court shall close this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

          /s/ A. Richard Caputo  
          A. RICHARD CAPUTO  
          United States District Judge